GADSDEN D. BRYAN, *Plaintiff in Error*, v. CITY OF WEST PALM BEACH, *Defendant in Error*.

Opinion filed January 11, 1918.

1. Where the legislature seeks to give a municipal corporation immunity from liability for personal injuries caused by the omission to perform or the improper performance of one of its municipal or private duties, as distinguished from its governmental, such immunity will not be extended to include acts of commission, so that persons injured thereby cannot recover for injuries sustained when rightfully engaged in using the streets.

2. The immunity from liability for personal injuries due to *defective condition* of the streets cannot be extended to include obstructions placed in the streets by the city whereby persons rightfully using them are injured.

3. Whether the legislature has power to exempt cities from liability for personal injuries due to defective condition of its streets, or for the disfeasance or nonfeasance of its officers or employees, is not decided in this case.

Writ of error to Circuit Court for Palm Beach County, H. Pierre Branning, Judge.

Judgment reversed.

*Gordon R. Broome*, for Plaintiff in Error;

*H. L. Bussey*, for Defendant in Error.

BROWNE, C. J.—Plaintiff in error brought suit against the City of West Palm Beach for personal injuries caused by the city placing and maintaining a dangerous obstruction in one of its streets, by laying and stretching wires

along and upon the street for the purpose of marking and designating a parking place for automobiles, over which plaintiff while walking on the street in the night time tripped and fell. A demurrer to the declaration was sustained on the ground that the City of West Palm Beach is not liable because Section 94 of its Charter, Chapter 6411, Acts of 1911, provides: "The City of West Palm Beach shall not be liable for personal injuries due to defective condition of its streets or for the misfeasance or nonfeasance of its officers or employees."

The plaintiff refused to amend his declaration, or plead further, and final judgment was rendered for the defendant, whereupon the plaintiff took writ of error to this court and seeks reversal thereon.

The distinction between the governmental and municipal functions of cities, is thus stated in Cyc.: "The functions of municipal corporations, although all of a public nature are properly divisible into two great classes, according to the double nature and purpose of the institution; namely, · (1) governmental, which are those conferred or imposed upon it as a local agency of limited and prescribed jurisdiction, to be employed in administering the affairs of the state, and promoting the public welfare generally; and (2) municipal, being those granted for the special benefit and advantage of the urban community embraced within the corporate boundaries." 28 Cyc. 267. These are sometimes called public and private functions, and under the latter is included the proper care of the streets. 28 Cyc. 268-269.

These distinctions have been recognized and approved by this court in the case of Keggin v. Hillsborough County, 71 Fla. 356, 71 South. Rep. 372, where the subject is discussed by Mr. Justice Ellis, and we will content our-

selves with this citation therefrom: "Many of the powers exercised by a municipality, such as building and maintaining streets, erecting and operating water supply systems, lighting and power plants, are, in their nature and character, corporate rather than governmental."

Section 94, Chapter 6411, Acts of 1911, cited *supra,* seeks to give to the city immunity from liability for personal injuries caused by the omission to perform, or the improper performance of one of its municipal or private duties, as distinguished from its governmental, and if it is within the power of the legislature to exempt cities from such liability—a question which we do not decide in this case—the courts should not so extend the privileges and immunities for liability for acts of omission, as to include acts of commission which are not specified in the act.

The immunity from liability is for damages for personal injuries due to *defective condition* of the streets, and cannot be extended to obstructions placed in the streets by the city whereby persons rightfully using them are injured.

Every imperfection or irregularity in the surface of a street is not a "defective condition" in contemplation of the statute, and such an imperfection or irregularity may exist from which of itself no injury could result. But the city by placing and maintaining strong wires on the surface of a street, may convert such imperfections and irregularities into veritable man-traps, and it cannot escape liability for placing obstructions whereby pedestrians are injured while in the rightful use of the street, under a contention that they constituted a defective condition of the street.

The court below having ered in sustaining the demurrer to the declaration on this ground, the judgment is reversed.

TAYLOR, ELLIS AND WEST, J. J., concur.

WHITFIELD, J., dissents.

WHITFIELD, J. Dissenting.—The declaration alleges that the "wires were nailed or laid, stationed and maintained on the surface of the said street," that "holes or indentations were caused by wear and tear upon the pavement of said street from traffic, and that holes or indentations were made in some places in said street under the said wires," and that plaintiff "stumbled, slipped and fell upon the said street, and into a hole or indentation in said street under one of the aforesaid wires so laid in said street, thereby and by reason of his foot coming in contact with one of said wires so laid in said street as aforesaid," plaintiff was injured. These and other allegations of the declaration appear to me to show a "defective condition" of the street within the meaning of the statute exempting the city from liability "for personal injuries due to defective condition of its streets," and it seems that in this State such an exemption is not forbidden by organic law.