TAMPA ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. FLORENCE JANDREAU, *Defendant in Error*.

Division B.

Opinion Filed March 15, 1927.

1. Where a declaration alleges a cause of action against a street car company for the wrongful death of one of its conductors caused by the negligence of the motorman, and the allegations do not show negligence of the decedent or that the decedent and the motorman were "jointly engaged in performing the act causing the injury," a demurrer to the declaration is properly overruled.

2. In actions against street railroad companies assumption of risk is under the statute, not a defense "where the injury or death was attributable to the negligence of the employer, his agents or servants."

3. Even if a forbidden plea of assumption of risk is proven, it will not avail defendant.

4. Erroneous or incomplete charges that could not reasonably have been harmful, will not cause a reversal of a judgment.

5. Where there is a sufficient predicate in the evidence for a finding of liability, and the damages awarded are not manifestly excessive, the judgment will be affirmed, no material errors appearing in the record.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*Knight, Thompson & Turner*, for Plaintiff in Error;

*King & King*, and *Hilton S. Hampton*, for Defendant in Error.

WHITFIELD, P. J.—The declaration herein alleges "that on or about the 28th day of August, 1920, the plaintiff's husband, J. J. Jandreau, was employed as a conductor on one of the cars of the defendant passing along and upon said Seventh Avenue, and plaintiff avers that at said time and place the said car of defendant was so negligently and carelessly operated by the motorman in charge thereof, and while plaintiff's said husband was standing upon the running board of said car, or was about to step upon the same, in the discharge of his duty, the said car was so negligently and carelessly permitted to run in such proximity to an automobile then and there standing along the side of the defendant's track on said street, that the body of plaintiff's said husband, the said J. J. Jandreau, was then and there struck by a portion of said automobile, by means whereof he was precipitated to the brick pavement, and sustained injuries from which he died."

A demurrer to the delaration was overruled.

The defendant pleaded (1) not guilty, (2) assumption of risk, (3) injury was caused by a fellow servant for which defendant is not responsible, (4) contributory negligence of decedent by projecting his body outward from the running board of the street car, (5) contributory negligence of decedent in failing to care for his own safety, (6) negligence of the decedent in jointly with the motorman performing the act causing the injury, for which defendant under the law is not responsible. A demurrer was filed to the third and sixth pleas, but it does not appear to have been ruled on.

The record states that the parties submitted the cause on the issues between them to a jury who returned a verdict for the plaintiff in $8,000.00 damages, for which judgment was rendered and defendant took writ of error.

The declaration in effect alleges that while the plaintiff's decedent, a conductor on one of defendant's street cars was

standing upon the running board of the street car, or was about to stop upon the same, in the discharge of his duty, the car was by the motorman negligently and carelessly permitted to run in such proximity to an automobile, then and there standing along the side of the defendant's track, that the body of decedent was then and there struck by a portion of said automobile and fatally injured. These with other allegations sufficiently state negligence on the part of the defendant's motorman that proximately caused the injury and do not show that the conductor was negligent or that the conductor and the motorman were "jointly engaged in performing the act causing the injury," so as to relieve the defendant of liability under Sections 4966 and 4973, Revised General Statutes of 1920. Assumption of risk is not a defense, "where the injury or death was attributable to the negligence of the employer, his agents or servants;" and the plea here did not negative that the injury sustained was due to the defendant's negligence, or that of its servant. As the declaration alleged such negligence, the plea did not meet the declaration. Sec. 4974, Revised General Statutes 1920. Therefore the fact that the plea of assumption of risk was filed and not eliminated by demurrer or motion could not have harmed the defendant. Trial was had on other pleas. See Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, 74 South. Rep. 479. Even if the plea as drafted had been proved, it could not have availed the defendant because forbidden by statute.

The charges complained of, if erroneous or incomplete, could not reasonably have been harmful to the defendant so as to require a reversal of the judgment. Sec. 2812, Revised General Statutes 1920; Hooker v. Johnson, 10 Fla. 198; Mays v. Seymour, 17 Fla. 725; Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 157, 9 South. Rep. 661; Frank v. Williams, 36 Fla.

136, 18 South. Rep. 351; Garcia v. Borino, 77 Fla. 211, 81 South. Rep. 155; First Nat. Bank v. Roberts, — Fla. —, 109 South. Rep. 635.

The evidence indicates that at the time of his fatal injury, the conductor was engaged in performing his duties as conductor which required him to be on the running board of the street car; that the motorman was operating the movement of the car when it ran by the standing automobile which struck the conductor, who was in the performance of his duties standing on the running board of the street car; that the street car was negligently operated by the motorman at the time of the injury to the conductor by running past an automobile standing so near to the track, which negligence was a proximate cause of the injury; that the conductor was not negligent at the time of his fatal injury; and that the conductor and motorman were not "jointly engaged in performing the act causing the injury." See Gulf, F. & A. R. Co., v. King, 73 Fla. 325, 74 South. Rep. 475. This was a sufficient predicate for a finding of liability against the defendant and the amount of the damages awarded is not manifestly excessive.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the Court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were

not governed by the evidence in making their finding.   See Mathers v. Botsford, 86 Fla. 40, text 41, 97 South. Rep. 282.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., concur in the opinion.

ELLIS, C. J., dissents.

BROWN, J., concurring:

If this were a case of first impression, I might take a different view of the question presented, both by the demurrer to the declaration and the evidence in the case.   But under the principle to which this Court is committed, and which was first announced in Gulf, F. & A. R. Co. v. King, *supra*, it cannot in my opinion be said that a street car motorman, running a street car between corners, and the conductor of the car, engaged in collecting fares, were jointly engaged in performing the act causing the ''injury,'' such act being the running of the car so close to a standing automobile as to strike the body of the conductor who was on the running board.