CITY OF SEBRING, *Plaintiff in Error* v. EDWARD AVANT, *Defendant in Error.*

Division B.

Opinion Filed May 22, 1928.

Petition for Rehearing Denied June 27, 1928.

*Shackelford & Brown* and *H. C. Tillman,* Attorneys for Plaintiff in Error;

*M. R. McDonald* and *Kline, Kline & Dickenson,* Attorneys for Defendant in Error.

TERRELL, J.—On the 10th of February, A. D. 1926, while in the employ of the City of Sebring, Edward Avant, defendant in error, was injured by the fall of an electric light pole. The pole was of cedar, about thirty feet long, had been used for about three years, but had been taken up some time before and was again set up by employes of plaintiff in error immediately preceding the accident in which Avant was hurt. Avant, in performance of his duty,

climbed the pole, buckled his safety belt around it and was attempting to fasten a cross arm on which to string electric wires when it broke off at the ground throwing Avant to the pavement, the pole falling on him inflicting numerous bruises on his body and breaking several bones in each foot thereby rendering him a permanent cripple.

A suit for damages resulted in a verdict and judgment for $16,250.00 in favor of defendant in error. A new trial was denied and the cause was brought here on writ of error.

It is contended that the judgment below should be reversed because, (1) The declaration is insufficient in that it does not allege gross negligence on the part of defendant, (2) The City of Sebring was not engaged in one of the hazardous occupations as known to the law of this State, consequently it was erroneously deprived of the plea of assumption of risk, and (3) The evidence is insufficient to support the verdict.

On the first question raised, that is as to the degree of negligence the City of Sebring may be charged with in an action of this kind, it is not out of place to state that the terms "gross," "ordinary" and "slight" negligence are known to the law. When they are observed gross negligence is said to be the want of slight care; and ordinary negligence is the want of ordinary care and slight negligence is the want of great care. Sherman and Redfield on negligence (sixth Ed.) Vol. 1, 93. Some of the municipalities in this State have charter provisions limiting their liability in actions of this kind to gross negligence, but we are advised of no such provision in the charter of the City of Sebring. We are not, therefore, confronted with that distinction in this case.

Was the City of Sebring engaged in one of the hazardous occupations as known to our law? The hazardous occupa-

tions known to the law of our State are enumerated in Section 4971, Revised General Statutes of Florida, 1920, "generating and selling electricity" being one of them. The record in this case shows conclusively that the City of Sebring was engaged in the business of generating and selling electricity at the time the accident occurred on which this action is predicated. As to the hazardous occupations enumerated in Section 4971, Revised General Statutes of Florida, 1920, the doctrine of assumption of risk has been generally barred by statute. (Sec. 4974, Rev. Gen. Stats. of Fla., 1920). This being the case no error was committed in striking defendants plea on this ground. Tampa Electric Co. v. Jandreau, 93 Fla. 520, 112 So. 558.

In this holding we are mindful of the rule supported by the great weight of authority to the effect that an experienced lineman assumes the risk of the breaking of any pole he is called on to climb in the course of his employment, if the defect which caused the pole to break was not of original construction and that therefore his employer owes him no duty to inspect the pole before sending him upon it. Lynch v. Saginaw Valley Traction Co. 153 Mich. 174, 116 N. W. Rep. 983, 21 L. R. A. (N. S.) 774. We have no quarrel with this rule but it has no application to this case because, (1) The doctrine of assumption of risk in cases of this kind does not obtain in this State. (Sec. 4974, Rev. Gen. Stats. of Fla., 1920), and (2) This rule has reference to cases where the line is already constructed and in operation and where the lineman proceeds on his own responsibility to the performance of his duty for the city. It has no application to a case like this where the pole had only recently been set up by other employes of plaintiff in error whose duty it was to inspect it, and there is no showing that the defect which caused the pole to break was latent and undiscoverable by any reasonable precaution. Ault v. Nebraska Telephone

Co. 82 (Neb.) 434, 118 N. W. Rep. 73. Essex County Electric Co. v. Kelly, 57 N. J. L. 100, 29 Atl. 427.

The record and the testimony are ample to support negligence under the common law even if there were no showing of liability under the hazardous occupation law. There is no showing of permanent disability and the proof of permanent incapacity to follow the trade of a lineman is not conclusive. We think therefore on the showing made the verdict is excessive. If the defendant will within thirty days after the going down of the mandate in this cause enter his remittitur in the sum of $4,000.00 as of the date of the entry of judgment, the judgment will stand affirmed, otherwise it will be and is hereby reversed for a new trial.

It is so ordered.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.