TERRELL, Justice.
This action was brought by W. R. Coleman against the City of St. Petersburg to recover damages for personal injuries re- *410 suiting from the collision of a passenger bus of the City with an automobile of a third party at the intersection of 7th Street and 17th Avenue. Coleman alleges that he was a passenger on the bus at the time of the collision and that it was being carelessly and negligently driven by an agent of the City. In its answer the City admitted the accident and the ownership-of the bus, but it denied all other material allegations of the complaint. The answer also alleges that the action is barred by the statute of limitations because suit was not brought within one year from date of the injury. A motion for judgment on the pleadings in favor of the City was granted and this appeal was prosecuted.
Appellant challenges the applicability of Section 95.24, Florida Statutes 1949, F.S.A. to the facts of this case.
Section 95.24, provides in effect that no action shall be brought against any city or village for negligent wrong to person or property unless brought within 12 months from date of the injury. Appellant contends (1) that said act is inconsistent with the three year statute of limitations governing the same subject matter; (2) that it violates Sections 16 and 20, Article III of the State Constitution, F.S.A. and (3) it violates the Fourteenth Amendment to the Federal Constitution. Appellant also contends that the holding of this Court, Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116, 35 A.L.R. 359, cannot be reconciled with its holding in Martineau v. City of Daytona Beach, Fla., 47 So.2d. 538.
A careful examination of the last cited decision reveals no inconsistency. In Skinner v. City of Eustis the Court was treating a local statute which required suits against the City for personal injuries to be brought within six months. The Court held the act bad because it attempted to regulate the “practice” of the courts in such cases contrary to Section 20, Article III of the Constitution.
 In Martineau v. City of Daytona Beach the Court was confronted with the identical act involved in! the case at bar which is a general act affecting all municipalities alike and requires such actions to be brought in one year. The questions raised here were concluded by Martineau v. City of Daytona Beach and Wilson & Co., Inc. v. City of Jacksonville, 5 Cir., 170 F.2d 876, wherein the Court followed Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486. In the latter case we also held that it was within the power of the legislature to impose limitations on actions against municipal corporations not common to actions again'st private corporations and individuals. It is not material that the act assaulted is different from the general law governing private corporations and individuals since it applies only to municipalities.
The judgment appealed from is therefore affirmed.
Affirmed.
SEBRING, C. J., THOMAS, ROBERTS, MATHEWS and DREW, JJ., and WARREN, Associate Justice, concur.