144 So.2d 505 (1962)
Donald Thomas McCANN, Appellant,
v.
The CITY OF LAKE WALES, a Municipal Corporation, Appellee.
No. 31718.
Supreme Court of Florida.
September 19, 1962.
S. Victor Tipton, Orlando, for appellant.
Clinton A. Curtis of Woolfolk, Myers & Curtis, Lake Wales, for appellee.
Ralph A. Marsicano, Tampa, for Florida League of Municipalities, Israel Steingold, Norfolk, Va., Edward B. Rood, Tampa, and Donald J. Farage, Philadelphia, Pa., for National Association of Claimants Counsel of America, for Amicus Curiae.
THORNAL, Justice.
By direct appeal we are requested to reverse a final judgment by which the trial judge sustained the validity of a local act which required written notice of tort claims against the city as a condition precedent to suit.
In order to dispose of the matter we must pass upon the validity of Chapter 29224, Section 85, Laws of Florida, 1953, which is a local act that requires written notice of tort claims against the City of Lake Wales within thirty days from the time of injury as a condition precedent to suit against the city.
Appellant McCann filed his complaint seeking damages for personal injuries allegedly resulting from the negligence of an employee of the appellee City of Lake Wales. The complaint failed to allege compliance with Chapter 29224, Section 85, Laws of 1953. Instead, the complaint alleged the unconstitutionality of the cited statute, asserting that it violates Section 4, Declaration of Rights, Florida Constitution, F.S.A., and the 14th Amendment to the Constitution of the United States. The trial judge sustained a motion to dismiss the complaint. By his final judgment he specifically upheld the statute against the assault upon its constitutionality. This judgment is now here for review.
The appellant contends that our prior decisions sustaining the validity of similar statutes are no longer binding as precedents in view of the decision of this Court in Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193.
The appellee City contends that our Hargrove decision did not in any way impair the conclusiveness of the long line of cases sustaining statutes of this type.
*506 The pertinent aspect of Chapter 29224, Section 85, Laws of Florida, 1953, is the following:
"* * * no suit shall be maintained against the City of Lake Wales, Florida, for damages arising out of any tort * * * unless it shall be made to appear * * * that written notice of alleged damage was, in every case, within thirty days after the receiving of the alleged injury given to the city manager of the city, with such reasonable specifications as to time and place and witnesses as would enable the city officials to investigate the matter. * * *"
Admittedly, in the instant case no notice was served on the city manager. The complaint contains no allegation to the effect that the notice was given. Appellant McCann's position is grounded entirely upon the asserted invalidity of the statutory requirements.
In a long line of cases beginning with Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486, this Court has upheld special acts which require notice of claim as a condition precedent to actions for personal injuries against a municipality. In Crumbley, and in other decisions before and since, it has also been held that in order to state a cause of action, a complaint against a city for damages for personal injuries must specifically allege that the required notice of claim was given. Stallings v. City of Tampa, 78 Fla. 606, 83 So. 625; Ragans v. City of Jacksonville, Fla.App. 1958, 106 So.2d 860.
The appellant relies heavily upon a statement in Crumbley v. City of Jacksonville, supra, which makes reference to Dillon, Municipal Corporations (5th Ed.) Sections 1612 and 1613. In Crumbley it is observed that "Judge Dillon calls attention to the fact that the validity of such enactments has often been sustained, as to cases growing out of torts on the ground that the liability of a municipality for tortious claims is statutory in its origin, and the Legislature may, therefore, attach such conditions to the right to recover from the municipality as it deems proper or expedient." Appellant then reasons that since, by our decision in Hargrove v. Town of Cocoa Beach, supra, we eliminated the arbitrary doctrine of municipal immunity in many areas of tort liability, we have thereby destroyed the foundation suggested by Judge Dillon as one of the bases of support for the validity of statutes of the type under assault. Appellant seems to have the view that in Hargrove we completely eliminated all distinctions between municipal corporations and private corporations. Hence, appellant asserts that a statute of this type which separately classifies municipalities, does violence to constitutional provisions guaranteeing equal protection of the laws.
In announcing our decision in Hargrove we fully realized that it was not an ultimate in the development of the law of torts as related to the much maligned doctrine of municipal immunity. We also realized that situations would develop which would require interpretations of the Hargrove decision in the light of its impact on subsequent cases. The general acceptance of Hargrove by law writers and other courts of last resort leads us to the firm conclusion that nothing should be done to detract from its holding. Nothing in this opinion should be construed as indicating any inclination in that direction.
The facts remains, that by the Hargrove decision we did not destroy in toto many of the basic differences between private and municipal corporations. While, admittedly, we analogized that in many substantial ways municipalities have assumed proportions of large business enterprises, nevertheless, we cautiously noted that distinguishing aspects remain. Any other interpretation of the Hargrove decision would be an extension of its expressed language. There is, therefore, no validity to the contention that the classification of a municipality for purposes comprehended by the subject statute is constitutionally unsupportable since our Hargrove decision.
*507 We have examined the language of Judge Dillon regarding the statutory basis for tort liability of municipalities. We find nothing in the cases which hold that municipalities have historically been subject to liability in tort only in those situations where statutes authorize such suits. In fact, our own decisions holding municipalities liable for various torts offer abundant precedent against the position of the appellant. The language with reference to the statutory basis for municipal liability in tort has reference to the proposition that the liabilities of a municipality are incident to or grow out of the powers and duties conferred or exacted by statute. Inasmuch as municipalities are creatures of statutes, then when they incur liability in the exercise or performance of statutory powers and duties they cannot escape such liability unless relieved therefrom by some valid provision or rule of law. Williams v. City of Jacksonville, 118 Fla. 671, 160 So. 15, 98 A.L.R. 513.
The arguments tendered by the appellant to support his contention regarding the invalidity of the subject statute, have been considered numerous times by this Court. In each instance we have consistently sustained the validity of the statutes. As recently as Ragans v. City of Jacksonville, supra, the District Court of Appeal, First District, upheld a statute similar to the one now before us. In Luke v. City of St. Petersburg, Fla. 1958, 107 So.2d 1, we ourselves reaffirmed our consistent position sustaining the constitutionality of these local acts. See also Olivier v. City of St. Petersburg, Fla. 1953, 65 So.2d 71. We are not here confronted by an estoppel situation recognized by the Court in Tillman v. City of Pompano Beach, Fla. 1958, 100 So.2d 53, 65 A.L.R.2d 1273. Although not emphasized by the parties, we note in passing, the enactment of Chapter 61-503, Laws of 1961, cited as Section 95.241, Florida Statutes, F.S.A. This statute is a general act requiring a written notice of claim precedent to an action in tort against a municipality. The general act, however, contains a specific provision recognizing the continued validity and effectiveness of local acts on the same subject. The enactment of the 1961 general act would appear to reemphasize a legislative intent that local acts of the type here involved remain effective for the benefit of the municipalities for which they have been enacted.
The trial judge correctly sustained the motion to dismiss the complaint, and he committed no error in upholding the validity of the subject statute.
The judgment is affirmed.
ROBERTS, C.J., and TERRELL, THOMAS, DREW, O'CONNELL and SEBRING (Ret.), JJ., concur.