HORTON, Judge.
The appellant seeks review and reversal of a portion of a post-trial order in an action by appellee for damages allegedly sustained as a result of the actions of an employee of the appellant city. The employee of the appellant city was a defendant in the action in the-trial court but is not a party to this appeal.
The amended complaint alleges that the employee, a police officer, falsely arrested and imprisoned the appellee. Appellant’s answer denied the material allegations of the complaint and affirmatively alleged that appellee had failed to comply with the notice provisions of the city charter.[1] The cause went to trial upon the issues made by the amended complaint and the answer thereto. At the conclusion of appellee’s case, the appellant moved for a directed verdict, urging that appellee’s evidence was legally insufficient upon which a jury could return a verdict, and contending specifically that there had been a failure to plead and prove that the city had, pursuant to its charter, been notified in writing of the appellee’s claim. This motion was apparently denied, but in any event, it was renewed at the conclusion of all the evidence and the cause was submitted to the jury without a ruling thereon subject to *600 the provisions of Rule 2.7(b), Florida Rules of Civil Procedure, 31 F.S.A. After the rendition of a verdict by the jury in favor of the appellee against the employee and the appellant, the appellant as well as the employee filed post-trial motions renewing their motions for directed verdict, to dismiss the complaint and for a new trial. After hearing thereon, the trial judge entered the order appealed which, inter alia, (1) vacated the judgment against the employee and entered judgment for the employee on his motion for directed verdict;[2] (2) set aside the judgment against the appellant city but denied the city’s motion to enter judgment for it notwithstanding the verdict and denied its motion for directed verdict; (3) dismissed the bill of complaint as to the appellant city and its employee with leave to the appellee to file an amended complaint within ten days; and (4) granted the appellant city’s motion for new trial. The reason assigned by the trial judge for granting the city’s motion for new trial was that he had erred at the pre-trial conference in not granting the city’s motion to dismiss the complaint. This appeal by the city followed.
The order of which appellant seeks review is not an appealable order. However, we have considered the notice of appeal and the accompanying record as a petition for certiorari. Section 59.45, Fla.Stat., F.S.A.; Alliance for Conservation of Natural Resources v. Furen, Fla.App.1958, 104 So.2d 803. After having heard oral argument and considering the briefs and record, we conclude that the portion of the order which denied the appellant’s motion for judgment notwithstanding the verdict and which granted the ap-pellee leave to file an amended complaint within ten days, was not only error but a departure from the essential requirements of the law.
 It is evident from an examination of the amended complaint that it failed to state a cause of action inasmuch as the ap-pellee had not alleged that the city, pursuant to its charter, had been notified of the appellee’s claim. Similar provisions in municipal charters have been upheld in numerous decisions beginning with the case of Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486. Such provisions in city charters constitute a statute of limitations against the type of claims described and require that a complaint encompassing a claim for damages must specifically allege that the required notice was given. See McCann v. City of Lake Wales, Fla.1962, 144 So.2d 505.
The trial judge recognized this defect in the amended complaint when he granted the city’s motion to set aside the judgment and ordered a new trial. However, as discussed above, the amended complaint in the case at bar failed to state a cause of action and consequently judgment notwithstanding the verdict should have been entered in the city’s favor. This being the case, the portion of the order granting a new trial is, in our opinion, mere sur-plusage. There was nothing to try because there was no issue before the court for trial. The trial judge should have dismissed the amended complaint for failure to comply with the statutory provisions of the city’s charter. Failing to do so, he departed from the essential requirements of the law when he later failed to enter judgment for the city notwithstanding the verdict, and permitted the appellee leave to file an amended complaint. It was much too late, at that stage of the proceedings, to permit the appellee to attempt to cure what amounted to a fatal defect.
For the foregoing reasons, the questioned order is quashed and the trial court is directed to enter judgment for the appellant city.
It is so ordered.

. Chapter 27738, § 7, Special Acts, Laws of Florida, 1951, is a portion of the charter of the City of Miami Beach, and provides as follows: “No suit shall be maintained against the city for damages * * * or for any tort * * * and that written notice of such damage was, within thirty (30) days after receiving of the injury alleged given to the city attorney * *

. We elect not to discuss this portion of the order inasmuch as no assignment or cross assignment of error has been filed in this regard.