PER CURIAM.
This cause arises under Rule 4.6, F.A.R., 32 F.S.A., governing certified questions, which provides:
“When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this state and that instruction from'the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction.”
Pursuant to Rule 4.6 the following question has been certified to this Court:
“Is the period of limitations on an action against a city for trespass upon real property one (1) year under Section 95.24, F.S., [F.S.A.], or three (3) years under Section 95.11 (5) (b), F.S.?”[1]
*694 Based upon the rationale as set forth in Coleman v. City of St. Petersburg, Fla.1953, 62 So.2d 409, we conclude that the 12-month limitation period prescribed by Section 95.24 is the period of limitation on an action against the City for trespass upon real property. Cf. Parker v. City of Jacksonville, Fla.1955, 82 So.2d 131.
REED, C. J., and WALDEN and MAGER, JJ., concur.

. “95.11 Limitations upon actions other than real actions. — Actions other than those for the recovery of real property can only be commenced as follows:

“(5) WITHIN THREE YEARS.—

“(b) An action for trespass upon real property; . . . ”
“95.24 Liability of cities and villages for damages to person or property.—
(1) No action shall be brought against any city or village for any negligent or vyrongful injury or damage to person or property unless brought within twelve months from the time of the injury or damages.”