## Borough of Youngsville *versus* Siggins et al.

Where a claim for paving is made under the Act of April 3d, 1851, (P. L. 320) which provides that such a claim is recoverable "as claims are by law recoverable under the provisions of the law relative to mechanics' liens," it must be filed within thirty days after the expense has been incurred as provided in the act of 1851. Plaintiff has not six months within which to file it, as specified in the mechanics' lien law of June 16th, 1836, (P. L. 699) as the length of time a debt remains a lien without claim filed.

May 27th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Warren county:* Of January Term 1885, No. 67.

This was a *scire facias sur* municipal claim for work done and materials furnished by the Borough of Youngsville in building a sidewalk along the property of B. B. Siggins, Drusilla Siggins, A. M. Belnap, N. P. Belnap, W. D. Belnap, Ezra Belnap, and Hiram Belnap, defendants. The lien was filed under the General Borough Law of April 3d, 1851. The claim was filed more than thirty days but within six months after

[Borough of Youngsville *v.* Siggins.]

the last work was done.   The defendants took a rule to show cause why the lien should not be stricken off, because it was not filed within thirty days after the work was completed, which rule the court made absolute, BROWN, P. J., delivering the following opinion :—

By Act of 3d April, 1851, a borough may direct the paving of sidewalks by the owner of the ground fronting thereon, and upon failure of the owner, may cause the same to be done, and collect the cost of labor and materials, with twenty per centum advance thereon from the owner, as claims are by law recoverable, under the law relative to mechanics' liens.

The Act prescribes that the particulars of the labor and materials, and the name of the owner or occupier of the premises, shall be set forth in a statement to be filed within thirty days after such expense shall have been incurred.   The statement in this case was not filed within the thirty days, and the defendants moved to strike off the lien.   The plaintiff resists this, contending as we understand, that inasmuch as the mechanics' lien law provides that the debt shall be a lien for six months, though no claim shall be filed, that the lien of the borough claim for the building of the sidewalk continues for the same time, although no claim be filed until after the thirty days, that the provision of the borough Act providing for a statement within thirty days is directory, and hence not essential to the collection of the debt from the lot fronting on the sidewalk, provided the same shall be filed within the six months.

Although not free from difficulty we are inclined to think that the legislative intent was to make the borough claim for the building of sidewalks collectible in the same manner as the claims of mechanics under the mechanics' lien law of 1836, except that the statement provided in the borough law should stand in place of the statement required by the mechanics' lien law, and should be filed within thirty days, instead of six months.

If this is correct it follows that the filing of the statement within the thirty days, is an essential preliminary to the collection of the claim, " as claims are by law recoverable under the proceedings of the law relative to mechanics' liens."

The plaintiff took this writ assigning for error the said action of the court in striking off the claims.

*D. I. Ball* (with whom was *C. C. Thompson*), for plaintiff in error.—Section 2, paragraph 6, of the Act of April 3, 1851, provides that the claim, as made in this case, " be filed within thirty days after such expense shall have been incurred."   It is also previously provided that the claim shall be collected

"as claims are by law recoverable under the provisions of the law relative to mechanics' liens." Section 14 of the Act relating to mechanics' liens (Act June 16, 1836) provides, " Every such debt shall be a lien as aforesaid *until the expiration of six months* after the work shall have been finished or materials furnished, *although no claim has been filed therefor.*" If the Act of 1851 give a lien for municipal claims before statement filed, then such lien is for six months as provided by the Act of 1836, notwithstanding the phrase "to be filed within thirty days" in the Act of 1851. If the Act of 1851 provides for the lien at all, the lien is disposed of by the preceding sentence providing for the collection of municipal claims " as claims are by law recoverable under the provisions of the law relative to mechanics' liens." The phrase, "to be filed in thirty days," is not the principal part of the sentence, but only a qualifying adjunct. It is not a proviso to the power conferred upon the borough, nor is it a condition to the existence of the lien. Certain things shall be set forth in the statement, but it is not said the statement *shall* be filed within thirty days. The phrase "to be filed within thirty days" is directory and not mandatory: Bladen *v.* Phila., 10 P. F. Smith, 466; Pittsburg *v.* Coursin, 24 Id. 400; Election cases, 15 Id. 21; Erie Academy *v.* Erie City, 7 Casey, 515; Cooley on Const. Lim. 4th. Ed. (77) 93; French *v.* Edwards, 13 Wall., 511; People *v.* Cook, 14 Barb., 290. The Act under discussion does not provide that a failure to file the statement within thirty days shall bar further proceedings. The lien can be enforced if it has not expired, the proceedings being *in rem:* 2 Trickett on Liens §§ 706, 708; Magee *v.* Comth., 10 Wright, 358; Lofink *v.* Allegheny, 5 W. N. C., 46.

*Charles H. Noyes,* for defendants in error presented no paper book and was not heard.

The opinion of the court was filed October 5th, 1885.

PER CURIAM. This claim was made under the General Borough Law of 3d April, 1851. The Act makes it recoverable as claims are by law recoverable under the provisions of the law relative to mechanics' liens; yet we understand that to mean by *scire facias.* After specifying what shall be set forth in the statement, the Act expressly declares it shall "be filed within thirty days after such expense shall have been incurred." This claim was not filed within the time specified. The learned judge correctly held that this time was an essential preliminary to the collection of the claim under the Act, and committed no error in striking off the lien.

Judgment affirmed.