CITY OF JACKSONVILLE, A MUNICIPAL CORPORATION, *Plaintiff in Error*, v. VIOLET VAUGHN, A WIDOW, *Defendant in Error*.

Division B.

Opinion Filed July 24, 1926.

Petition for Rehearing Denied November 18, 1926.

1. Where a declaration contains allegations charging such a state of facts, the existence of which constitute gross negligence, in cases where it is necessary to aver gross negligence, it is not necessary for the pleader to allege his conclusion that such facts constitute "gross" negligence. The Court may determine from the allegations of the declaration whether or not gross negligence as a matter of law is sufficiently alleged in the declaration.

2. A new trial should not be granted where the relevant testimony duly sustains the verdict, though some irrelevant testimony has been admitted.

3. If a verdict be conformable to the law and the evidence it will not be set aside merely because the Court refused to give instructions which might have been properly given.

4. Where errors assigned on the admission of evidence and on charges given or refused, are technical and not fundamental, and may fairly be regarded as harmless in view of the case shown by the entire record, such assigned error will not cause a reversal of the judgment.

5. Where it appears from the whole record that an alleged misleading charge could not reasonably have influenced the verdict to the injury of the complaining party a new trial should not be granted.

6. A new trial should not be granted for excessive damages unless the amount is such as to shock the judicial conscience

or to indicate that the jury must have been influenced unduly by passion of prejudice.

A writ of error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*J. W. Holland,* for Plaintiff in Error;

*John F. Hall,* for Defendant in Error.

BUFORD, J.—Mrs. Violet L. Vaughn, a widow, sued the City of Jacksonville, Florida, for damages alleged to have been caused by a defect existing in a sidewalk of that city.

The declaration charges: "and it was the duty of said defendant during the time aforesaid, to keep and maintain the said public sidewalk in good and safe repair and condition; yet the defendant, not regarding its duty in that behalf, and while it was so possessed of and had control of said sidewalk, to-wit, on the day last aforesaid, and for a period of at least one month prior thereto, wrongfully, carelessly and negligently suffered and permitted a portion of said sidewalk, located on the northerly side of said Adams Street, at or near the easterly property line of said Catherine Street, where said sidewalk abuts and adjoins the western end of a certain viaduct situate on said Adams Street, and commonly known as Adams Street Viaduct, to be and remain in bad and unsafe condition and repair, and at the said place wrongfully, carelessly and negligently suffered and permitted the material under said sidewalk to wash out and thereby wrongfully, carelessly. and negligently permitted the surface of said sidewalk at the said place to be and remain supported in a weak, insufficient and insecure manner, thereby making said sidewalk unsafe and

dangerous for public travel. And plaintiff avers that the said defendant knew the condition of said sidewalk on the day aforesaid, or, by the exercise of reasonable and ordinary care in the premises, said defendant should have then known said condition of said sidewalk at said time and place.''

It then alleges the extent of the injury to the plaintiff and notice to the City of Jacksonville of such injury and claimed for damages. The plaintiff claimed damages in the sum of $25,000.00.

A demurrer was filed to the declaration which was over-ruled and thereafter the defendant filed eight pleas in the following language:

''1.   That it is not guilty.

2.   And for a second plea the defendant denies that it had, or could have had knowledge of the alleged defective condition of the sidewalk.

3.   And for a third plea, defendant denies that it wrong-fully, carelessly and negligently suffered and permitted a portion of said sidewalk to be and remain in bad and un-safe condition and repair.

4.   Defendant denies that it wrongfully, carelessly and negligently suffered the material of said sidewalk to wash out.

5.   Defendant denies that it wrongfully, carelessly and negligently permitted the surface of said sidewalk in said place to be and remain supported in a weak and insecure manner.

7.   Defendant denies that said sidewalk, on the date mentioned in the declaration, was in an unsafe or dangerous condition for public travel.

8.   Defendant denies that plaintiff has been injured as in said declaration alleged.''

Issue being joined, trial was had which resulted in a verdict for the plaintiff in the sum of $12,000.00. On motion being made for a new trial a remittitur was entered in the sum of $4,000.00, whereupon the motion for a new trial was overruled and judgment was entered for $8,000.00. From this judgment the defendant took writ of error.

There were twenty-four (24) assignments of error. The first assignment of error is addressed to the order of the Court overruling defendant's demurrer.

Section 186 of the Charter of the City of Jacksonville provides as follows: ''No suit shall be maintained against this City for damages arising out of its failure to keep in proper condition any sidewalks, pavements, viaducts, bridges, streets or other public places unless it be made to appear that the damage alleged was attributable to the gross negligence of the City, and that written notice of such damage was, within thirty days after the receiving of the injury, given to the Mayor with such reasonable specifications as to time and place and witnesses as would enable the City officials to investigate the matter, and no verdict shall in any suit be given for any amount exceeding compensation damages to the plaintiff directly attributable to such negligence on the part of the City and not caused by contributory negligence on the part of plaintiff.''

While the declaration does not allege the conclusion ''Gross Negligence,'' the allegations of the declaration are sufficient if proven to be true, to establish gross negligence on the part of the defendant. Where a declaration contains allegations charging such a state of facts, the existence of which constitute gross negligence, in cases where it is necessary to aver gross negligence, it is not necesary for the pleader to allege his conclusion that such facts constitute ''gross'' negligence. The Court may determine from the allegations of the declaration whether or not gross

negligence as a matter of law is sufficiently alleged in the declaration. Sylvester v. Lichtenstein, 61 Fla. 441, 55 South. Rep. 282; A. C. L. R. Co. v. Holliday, 73 Fla. 269, 74 South. Rep. 479; Butler v. Southern R. Co., 63 Fla. 95, 58 South. Rep. 225.

The allegations of the declaration appear to have been sufficient to set up a cause of action.

The second assignment of error is addressed to the refusal of the Court to grant a motion for a new trial.

The third that the Court erred in rendering of judgment against this defendant and the fourth that the Court erred in denying a motion of the defendant to instruct the jury to find for the defendant.

The record discloses no reversible error on the part of the Court in the orders complained of in these assignments. The fifth to the ninth assignments inclusive are addressed to the action of the Court in admitting or refusing to admit certain testimony. A new trial should not be granted where the relevant testimony duly sustains the verdict, though some irrelevant testimony has been admitted. Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870. A new trial will not be granted because of the admission of illegal evidence to prove a fact which was fully established by legal evidence it being clear that the verdict was not influenced thereby. Tilly v. State, 21 Fla. 242; Bucki v. Seitz, 39 Fla. 55, 21 South. Rep. 567.

The tenth to the twenty-fourth assignments inclusive are addressed to the rulings of the Court in regard to giving or refusing charges. If a verdict be conformable to the law and the evidence it will not be set aside merely because the Court refused to give instructions which might have been properly given. Randall v. Parramore, 1st Fla. 409.

Where errors assigned on the admission of evidence and on charges given or refused, are technical and not funda-

mental, and may fairly be regarded as harmless in view of the case shown by the entire record, such assigned errors will not cause a reversal of the judgment. Skinner Manufacturing Co. v. Douville, 61 Fla. 429, 54 South. Rep. 810.

Where it appears from the whole record that an alleged misleading charge could not reasonably have influenced the verdict to the injury of the complaining party, a new trial should not be granted. G. S. & F. Ry. Co., 63 Fla. 150, 58 South. Rep. 838.

From the consideration of the whole record it does not appear that the plaintiff in error was made to suffer any injustice by reason of any charge given nor does it appear that any proper charge requested by the defendant which would have reasonably benefited the defendant was refused.

The allegations of the declaration as hereinbefore set forth are amply sustained by the proof. It is shown conclusively that the sidewalk at the place where the plaintiff in the Court below was injured had been for a long period of time in an extremely dangerous and unsafe condition. It is not shown that this condition was apparent to a person walking upon the sidewalk, but it is shown that the unsafe condition was apparent from many other points on the public thoroughfares of the City and therefore the City was chargeable with constructive notice that such unsafe and dangerous condition did there exist. Mr. Dillon in his work on Municipal Corporation, 8th ed., section 1718, referring to the liability of a corporation in cases of this character, says:

"In the class of cases last referred to in the preceding section the corporation, in the absence of a controlling enactment, *is responsible only for a reasonable diligence* to repair the defect or prevent accidents after the unsafe condition of the street is known, or ought to have been known to it, or to its officers having authority to act re-

specting it.  A corporate body never can either take care or neglect to take care except through its officers or servants.  If such a body, by its officers or servants, *has the means of knowing* that a street is unfit for travel, and is negligently ignorant of its state, it is guilty of negligence.''

In the case of The City of Aurora v. Joseph Hillman, 90 Ill. 61, the Court say:

''MUNICIPAL  CORPORATION—*When  chargeable with notice of defects in sidewalk.* Where a party is injured from a defective sidewalk, caused by the stringers upon which the boards rested being decayed, so as not to hold nails, so that the loose board tipped when stepped upon by a companion walking with the person injured, and the proof showed that the stringers had been in this condition for a long time before the accident, though it failed to show affirmatively the city knew of the particular board being loose at the time, it was *held,* that the city was chargeable with notice of the unsafe condition of the walk, and was guilty of negligence in not having it repaired.''

The same rule is recognized in the case of the City of Fort Wayne v. DeWitt, 47 Ind. 391.

The only other question to be disposed of is, whether or not the judgment is excessive.  There is evidence in the record to the effect that the plaintiff in the court below, as a direct cause of injury, will be permanently partially disabled.  The witness said: ''As I see it she will always be more or less lame, and never be able to use herself as she once was.  Yet at the same time she will be able to drag around after a fashion and do a certain amount of her house work; or be able to sit down and do such work as she can do sitting down.''

What may be the proper monetary compensation to be paid to a woman who has a life of expectancy of between twenty-nine and thirty years to go through the balance of that life a sufferer and a cripple; for the physical pain and

suffering and for the loss of compensation which she was theretofore able to earn, all caused by an injury resulting from the gross negligence of the defendant, were questions for the jury under their solemn oaths to answer; this answer is shown by the contents of its verdict. The jury in the exercise of the great responsibility returned the verdict for $12,000.00. The trial Judge who had heard all of the evidence, had seen the witnesses and had observed their conduct during the trial of the cause; in the exercise of that power of discretion vested in him, determined that the amount of the verdict as fixed by the jury was excessive but at the same time determined that the plaintiff was entitled under all the facts of the case to a verdict in the sum of $8,000.00. So now this judgment stands as though a verdict had been rendered for the sum of $8,000.00 and judgment had been entered on that verdict and the Court had denied a new trial.

The rule as established in this State is, A new trial should not be granted for excessive damages unless the amount is such as to shock the judicial conscience or to indicate that the jury must have been influenced unduly by passion or prejudice. A. C. L. R. R. Co. v. Whitney, 65 Fla. 72, 61 South. Rep. 179; S A.. L. Ry. Co. v. Callan, 73 Fla. 688, 74 South. Rep. 799.

It appears that the foregoing rule is applicable to this case. We cannot say that the amount of the verdict either shocks the judicial conscience or is such as to indicate that the jury must have been influenced unduly by passion or prejudice. The judgment should be affirmed. And it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS, J., AND KOONCE, Circuit Judge, concur in the opinion.

STRUM, J., disqualified.