Mr. Dennis R. Long County Attorney Alachua County Post Office Drawer C.C. Gainesville, Florida 32602
Dear Mr. Long:
This is in response to your request for an Attorney General's Opinion on the following questions:
 1. ARE DOCUMENTS, PLEADINGS, OR OTHER MATERIALS CONTAINED WITHIN COURT CRIMINAL FILES UNDER THE CUSTODY OF THE CLERK OF THE CIRCUIT COURT WHICH INCLUDE CRIMINAL INTELLIGENCE INFORMATION OR CRIMINAL INVESTIGATIVE INFORMATION WHICH REVEAL OR MAY PROVIDE INFORMATION WHICH WOULD LEAD TO THE IDENTITY OF A VICTIM OF SEXUAL BATTERY OR CHILD ABUSE, EXEMPT FROM THE DISCLOSURE REQUIREMENTS OF CHAPTER 119, FLORIDA STATUTES, WHERE DELETING OR EXCISING THE CONFIDENTIAL INFORMATION WITHIN THE DOCUMENT, PLEADING, OR OTHER MATERIAL WOULD RESULT IN THE DESTRUCTION OR ALTERATION OF THE ORIGINAL DOCUMENTS IN THE FILE?
 2. IF THE CLERK OF THE CIRCUIT COURT IS OBLIGATED TO MAKE COPIES IN ORDER TO PERMIT THE RECORDS TO BE INSPECTED AND EXAMINED IN ACCORDANCE WITH CHAPTER 119, FLORIDA STATUTES, MAY THE CLERK CHARGE THE STATUTORY DUPLICATION FEE (CHAPTER 28, FLORIDA STATUTES) FOR THE COPIES NECESSARY TO ALLOW THE INITIAL INSPECTION, AS WELL AS FOR THE CLERICAL AND SUPERVISORY ASSISTANCE, INCLUDING ATTORNEY'S TIME, NECESSARY TO REVIEW EACH DOCUMENT AND DELETE OR EXCISE FROM EACH DOCUMENT EXEMPT INFORMATION?
QUESTION ONE
The information to which your inquiry relates, i.e., criminal intelligence information or criminal investigative information which reveals the identity of the victim of the crime of sexual battery as defined in Ch. 794, F.S., or the victim of the crime of child abuse as defined by Ch. 827, F.S., is exempted from the disclosure provisions of s 119.07(1), F.S., by s 119.07(3)(h), F.S., as amended by s 5, Ch. 84-298, Laws of Florida. However, if such information is contained in records made part of a court file and not specifically closed by an order of court, s 119.07(4), F.S., as amended supra, states that such information is not exempted from the provisions of subsection (1). Section 119.07(4), F.S., as amended supra, states that:
 Nothing in this section shall be construed to exempt from subsection (1) a public record which was made a part of a court file and which is not specifically closed by order of court except as provided in paragraphs (e), (f), (g), (m) and (o) of subsection (3). (e.s.)
The underscored proviso in subsection (4) does not except paragraph (h) of subsection (3) from or take it out of the enacting clause. The purpose of a proviso is to except something from the enacting clause or to qualify or restrain its generality and it takes no case out of the enacting clause which does not fall fairly within its terms. Futch v. Adams, 36 So. 575, 577
(Fla. 1904); Farrey v. Bettendorf, 96 So.2d 889, 893 (Fla. 1957); Florida Jai Alai, Inc. v. State Racing Commission, 112 So.2d 825,829 (Fla. 1959). Moreover, where a statute sets forth exceptions, no others may be implied. Dobbs v. Sea Isle Hotel, 56 So.2d 341,342 (Fla. 1952); Williams v. American Surety Company of New York,99 So.2d 877, 880 (2 D.C.A.Fla., 1958); Biddle v. State Beverage Department, 187 So.2d 65, 67 (4 D.C.A.Fla., 1966). Subsection (4) does not exempt the information described in paragraph (h) of subsection (3) from the public inspection and examination mandated by s 119.07(1)(a), F.S., when such information is contained in a record which has been made part of a court file which is not specifically closed by order of the court. No other exception may be written into the statute, nor may this office create any reasons or grounds for precluding such public disclosure and inspection. Dobbs v. Sea Isle Hotel, supra at 342. The meaning and intent of subsection (4) quoted above, is clear and the rule is that, where a statute contains plain and simple language, it is the duty of the courts to apply the literal meaning of the statute. See, Alligood v. Florida Real Estate Commission,156 So.2d 705 (2 D.C.A.Fla., 1963). And see, Fine v. Moran, 77 So. 533
(Fla. 1917) (the general rule is that where language is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction); Osborne v. Simpson,114 So. 543 (Fla. 1927) (where statute's language is plain, definite in meaning without ambiguity, it fixes the legislative intention and interpretation and construction are not needed).
Therefore, in response to your question, documents, pleadings or other materials contained within court criminal files under the custody of the clerk of the circuit court which include information which reveals the identity of the victim of the crime of sexual battery as defined by Ch. 794, F.S., or of the crime of child abuse as defined by Ch. 827, F.S., are not exempt from the public disclosure and inspection provisions of s 119.07(1), F.S., as amended, pursuant to the legislative directive in s 119.07(4), F.S., as amended, that such material when made a part of a court file is not excepted or exempted from s 119.07(1), F.S., as amended, unless specifically closed by court order. Even if subsections (2)(a) and (3)(h) of s 119.07, F.S., read together, did apply to records made part of a court file and not specifically closed by order of court, to construe s 119.07(2)(a), F.S., as amended, to permit or require the alteration or partial destruction of original documents, pleadings or other materials in "court criminal files" in the clerk's custody would place the statute in jeopardy of a constitutional challenge as an encroachment by the legislative branch on the exclusive function and responsibility of the judicial branch. In Johnson v. State,336 So.2d 93 (Fla. 1976) (a case involving the expunction of arrest records, s 901.33, F.S. [1974 Supp.], the Florida Supreme Court recognized the authority of the courts, in their discretion, to seal judicial records from public view where the ends of justice may be served by such action.
In response to a lower court's finding that the Legislature intended the word "expunge" as used in s 901.33, F.S. 1975, to mean "to destroy or obliterate, to annihilate physically, to strike out wholly," the court stated that "[t]o permit a law to stand wherein the Legislature requires the destruction of judicial records would permit an unconstitutional encroachment by the legislative branch on the procedural responsibilities granted exclusively to this Court." Johnson v. State, supra at 95. With regard to s 119.07(2)(a), F.S., as amended, as with other legislative enactments, it must be assumed that the Legislature intended a valid enactment rather than one contrary to the Constitution and a statute should, if possible, be construed so as not to conflict with the Constitution. See, e.g., State ex rel. Johnson v. Goodgame, 108 So. 836 (Fla. 1926); Williams v. City of Jacksonville, 160 So. 15 (Fla. 1935); Burnsed v. Seaboard Coastline Railroad Company, 290 So.2d 13 (Fla. 1974). Compare, s 943.058, F.S., subsection (2) of which provides that the "courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information." The wording employed in s 119.07(2)(a), F.S., with which you are concerned is "delete or excise." "Delete" is defined to mean to strike out or remove (something written or printed); cancel; erase; expunge. The Random House Dictionary of the English Language 382 (unabridged edition 1967). "Excise" means to expunge, as a passage or sentence from a text; to cut out or off, as a tumor. Id. at 497. Therefore, insofar as s 119.07(2)(a), F.S., as amended by s 5, Ch. 84-298, supra, may be deemed to apply to judicial records or records contained in court files (not specifically closed by order of the court), I am compelled to construe subsection (2)(a) so as to achieve the legislative purpose of the statute and to sustain the constitutionality thereof. Accordingly, under circumstances in which a portion of the record is exempted from disclosure or inspection as provided in s 119.07(1)(a), F.S., as amended, I conclude that the provisions of Ch. 119, F.S., particularly those of s 119.07(2)(a), F.S., as amended, do not authorize, require or permit the custodian of court files to alter, mutilate, deface, destroy or partially destroy any record or part thereof contained in and made a part of any court file. Further, compliance with s 119.07(2)(a), F.S., as amended, supra, does not permit such custodians to partially alter, destroy, mutilate or obliterate such records or any part or parts thereof or to physically cut out or expunge therefrom any of the written or printed contents therein. The custodian of such records may constitutionally accomplish the purposes of s 119.07(2)(a), F.S., as amended, by any reasonable method which maintains and preserves the integrity of such records or any portion thereof while allowing public disclosure and inspection of the nonexempted portion or portions of such records. This may include making copies thereof to be altered by excision and then produced for inspection or the use of opaque correction strip tape to mask or delete exempted materials from the face of the affected public record or any other method or procedure which the custodian may determine will validly and effectively accomplish the legislative purpose in keeping with the mandate of s 119.07, F.S., as amended.
Your letter states that "[s]ince deleting or excising specific portions of materials within court criminal files would result in alteration of the document, it is the position of the Clerk that there are no reasonable conditions which could be imposed which would satisfy the requirements of Chapter 119, Florida Statutes, and, therefore, the entire document, pleading, or other material is not subject to disclosure." (e.s.) In response, I would note that in Wait v. Florida Power Light Co., 372 So.2d 420
(Fla. 1979) the court stated that the language contained in s119.07(1), F.S., requiring inspection of public records "at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee," referred to reasonable regulations which would permit the custodian of the records to protect them from alteration, damage or destruction.
QUESTION TWO
Insofar as the provisions of s 119.07(2)(a), F.S., as amended by s 5 of Ch. 84-298, Laws of Florida, may be deemed to apply to judicial records or public records contained in and made a part of court files and as those provisions are construed herein, your second question is answered in the negative. As hereinbefore stated, the custodian of public records may constitutionally and effectively accomplish the purposes of s 119.07(2)(a), F.S., as amended, by any reasonable method which preserves the integrity of such records while allowing public examination of the nonexempt portions thereof including making copies thereof to be altered by excision and then produced for inspection. Neither s 119.07(2)(a), F.S., nor any other provision of Ch. 119, F.S., prescribes any fee or authorizes any service charge for the "delet[ion] or excis[ion]" from a public record of information exempted by s119.07(3)(h), F.S., from the provisions of s 119.07(1)(a), F.S., before the production of the remainder of such record (or an altered copy thereof) for inspection and examination.
You have directed my attention to the provisions of Ch. 28, F.S., which set forth, in s 28.24, F.S., prescribed charges to be made by the clerk of the circuit court for certain services rendered by that office including, in subsections (8) and (10), charges for making copies or copying instruments in the public records by photographic process or other means. However, your original question states that the requests received by the Clerk of Circuit Court in Alachua County have been requests to inspect court files. I am not aware of, nor have you brought to my attention, any provision in Ch. 28, F.S., which prescribes a fee for the production of public records for inspection and examination. Compare, s 28.19(2), F.S., which provides that recorded instruments or records shall always be open to the public under the clerk's supervision for the purpose of inspection thereof and making extracts therefrom but that the clerk shall not be required to perform any service in connection with the inspection or making of extracts of such recorded instruments without payment of service charges as provided in s 28.24, F.S. And see, AGO 82-23 and cases cited therein in which is was concluded that the public generally, including abstract and title companies have the continuous right at all reasonable hours and times, by themselves or their agents or employees, to inspect and make photocopies of any and all of the public records in the offices of the clerks of the circuit courts and that when inspection and copying is done by the public, without any service or assistance from the clerk or his or her deputies, then the clerk is entitled only to the supervision service charge provided for in s 119.08(3), F.S. Public officers have no legal claim for official services rendered, except when, and to the extent that, compensation is provided by law, and when no compensation is so provided, rendition of such services is deemed to be gratuitous. See, e.g., Gavagan v. Marshall, 33 So.2d 862 (Fla. 1948); Rawls v. State ex rel. Nolan, 122 So. 222 (Fla. 1929). Therefore, regardless of the method utilized by the clerk in making unexempted portions of judicial records or public records made a part of a court file (and not specifically closed by order of court) available for public inspection in compliance with a request by any person to inspect and examine such records, the clerk may not impose a fee or make any charge for the inspection and examination of such public records (or altered copies thereof) in the absence of statutory authority therefor. See, AGO's 84-3, 76-34, 75-50. However, s 119.07(1)(b), F.S., as amended by s 5, Ch. 84-298, Laws of Florida, provides a limited exception by stating that "[i]f the nature or volume of public records requested to be inspected, examined, or copied pursuant to this subsection is such as to require extensive clerical or supervisory assistance by personnel of the agency involved, the agency may charge, in addition to the actual cost of duplication, a special service charge, which shall be reasonable and shall be based on the labor costs actually incurred by the agency or attributable to the agency for the clerical and supervisory assistance required of such personnel providing the service." (e.s.)
To summarize, no provision of Ch. 28 or Ch. 119, F.S., as amended, sets forth a fee for the inspection and examination of public records (or altered copies thereof made to comply with s119.07[2][a], F.S.) except, as provided in s 119.07(1)(b), F.S., as amended, when the nature or volume of such records necessitates extensive clerical or supervisory assistance. Such charges for assistance may not be routinely imposed and would not appear to be justified merely because a record contained exempted materials.
Therefore, it is my opinion that information which reveals the identity of the victim of the crime of sexual battery as defined in Ch. 794, F.S., or the victim of the crime of child abuse as defined by Ch. 827, F.S., which is contained in public records made part of a court file and not specifically closed by an order of court is not excepted or exempted from the public disclosure and inspection provisions of s 119.07(1), F.S., as amended by s 5, Ch. 84-298, Laws of Florida, pursuant to subsection (4) thereof which directs that such public records are not exempted from s119.07(1)(a), F.S. Further, no provision of Ch. 28, F.S., or Ch.119, F.S., as amended supra, sets forth a fee or authorizes any service charge for the inspection and examination of public records (or altered copies thereof) except, as in s 119.07(1)(b), F.S., as amended supra, when the nature or volume of the records requested to be inspected or examined is such that extensive clerical or supervisory assistance is required and this provision does not justify the routine imposition of such a fee merely because a public record contains exempted material.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General